

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 3, 2018**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MARGARET JO CARDWELL, | § | CASE NO. 17-50307-rlj12 |
| | § | |
| Debtor. | § | |

## MEMORANDUM OPINION AND ORDER

Margaret Cardwell filed bankruptcy under chapter 12 of the Bankruptcy Code on December 4, 2017. Lone Star State Bank of West Texas, an asserted secured creditor, moved for dismissal of the case. The bank contends that Cardwell does not qualify as a family farmer and is thus ineligible to file under chapter 12, the chapter of the Bankruptcy Code that specifically accommodates the reorganization of farmers who seek relief under the bankruptcy laws. In response, on July 20, 2018, Cardwell, apparently assuming she had an absolute right to convert to the less debtor-friendly chapter 11, filed her "Conversion of Chapter 12 Case to a Case under Chapter 11." Lone Star now objects to Cardwell's conversion, arguing that the Code does not allow a debtor to convert from chapter 12 to chapter 11. She must dismiss her case and perhaps then file for relief under chapter 11, Lone Star contends. Hearing was held on August 15, 2018.

I.

Cardwell is elderly; her husband died many years ago. She owns three tracts of farm land—Labors 6, 7, and 10—that were ostensibly pledged to secure loans taken out by her children or grandchildren. She has sued the bank and her granddaughter's husband, Joshua Richardson, for alleged improprieties on the loans and liens. She leases out the three tracts on a quarter-and-a-quarter (of income and expenses) deal and lives off that. The debts are large; obtaining confirmation of a plan under either chapter 12 or chapter 11 will be difficult. Cardwell has a tough road ahead, but there is no evidence that her filing under chapter 12 was done in bad faith (or lacking in good faith, if the Court has to close that divide).

II.

Lone Star makes three arguments: (1) that conversion from chapter 12 to chapter 11 is not allowed under the statute; (2) that even if it is allowable, it is still improper here "because it is . . . prejudicial to creditors pursuant to 11 U.S.C. § 362(c)(3)(A)-(C)"; and (3) that if conversion is doable and not prejudicial because of the provisions of § 362, it is "still improper due to other inequities and prejudices." Doc. No. 57.

Cardwell counters, contending that she is eligible *to file* a chapter 11 and thus the Court has, or should have, the discretion to allow her *to convert* to chapter 11. Dismissal followed by a refiling is prejudicial to all parties and inequitable to Cardwell. She says that she is proceeding in good faith and thus her conversion should be approved.

A.

Lone Star's first and most compelling point—that Cardwell cannot convert because the Code does not allow it—has some statutory support. The Bankruptcy Code does not explicitly authorize a debtor under chapter 12 to simply convert to a case under chapter 11. This is so

despite there being no real restrictions to an individual *filing* for bankruptcy protection under chapter 11. *See* 11 U.S.C. § 109.

The Code does contain other explicit provisions that address conversions from one chapter of the Code to another; it also prohibits "parties in interest" and the bankruptcy court from converting a "farmer" (not necessarily a family farmer under chapter 12) to other chapters. *See* §§ 706, 1112, and 1307. It does not explicitly prohibit a chapter 12 debtor from converting to chapter 11. *See* § 1208. As the parties have pointed out, the courts are split on whether a chapter 12 debtor may convert to chapter 11. *Compare United States v. Lawless (In re Lawless)*, 79 B.R. 850, 854 (W.D. Mo. 1987) (agreeing with the conclusion that bankruptcy courts may use their discretion to convert chapter 12 cases to cases under chapters 11 or 13), *In re Miller*, 177 B.R. 551, 556 (Bankr. N.D. Ohio 1994) (permitting conversion from chapter 12 to chapter 11), *In re Orr*, 71 B.R. 639, 643 (Bankr. E.D.N.C. 1987) (same), *and In re Bird*, 80 B.R. 861, 863 (Bankr. W.D. Mich. 1987) (same), *with In re Colón*, No. 16-0060(ESL), 2016 WL 3548821, at *6 (Bankr. D.P.R. 2016) (denying conversion from chapter 12 to chapter 11), *In re Stumbo*, 301 B.R. 34, 37 (Bankr. S.D. Iowa 2002) (same), *and In re Roeder Land & Cattle Co.*, 82 B.R. 536, 537 (Bankr. D. Neb. 1988) (same). *See also In re McLawchlin*, 511 B.R. 422, 430–31 (Bankr. S.D. Tex. 2014) (citing *Orr* and other similar cases to permit conversion from chapter 12 to chapter 13). I agree with those cases that hold a court may, within its discretion, allow a debtor under chapter 12 to convert to chapter 11. I also find statutory support for such conversion.

Section 1208 addresses the possible conversion or dismissal of a chapter 12 case. A chapter 12 debtor may, *at any time*, either dismiss the case or convert it to chapter 7. § 1208(a), (b). Upon request of a "party in interest," the court may *for cause* dismiss a chapter 12 case. § 1208(c). If a chapter 12 debtor has committed fraud in connection with a case, the case may be

dismissed or converted to chapter 7. § 1208(d). Finally, the last provision of § 1208, subsection (e), states that "[n]otwithstanding any other provision of this section, a case may not be converted to a case under *another chapter* . . . unless the debtor may be a debtor under such chapter." § 1208(e) (emphasis added).

The provisions of § 1208 that precede subsection (e) only mention conversion to chapter 7. Without subsection (e), § 1208 may be read to allow conversion by a chapter 12 debtor to only chapter 7. But the Court cannot ignore subsection (e) where it specifically refers to conversion of a chapter 12 case to "another chapter" of the Code. Granted, it states that a debtor cannot convert to another chapter if the debtor cannot be a debtor under the other chapter. But the basic inference is that a debtor *may* be able to convert to, say, chapter 11.[1]

The Code does not state that a chapter 12 debtor cannot convert to chapter 11 (or chapter 13 for that matter). So as between the easy inference that a chapter 12 debtor may so convert and the absence of any such prohibition, I conclude that a chapter 12 debtor may convert the case to chapter 11, if the debtor is proceeding in good faith and conversion is not prejudicial to creditors or otherwise inequitable. *See McLawchlin*, 511 B.R. at 430.

Were this case dismissed, Cardwell could simply refile under chapter 11. There is no evidence that she has done anything that prevents her from being a chapter 11 debtor. *See* § 109(g). And as an individual, she has a right to file chapter 11. But what is the point of first dismissing and then refiling? And, as stated, there is no evidence that Cardwell is proceeding in bad faith. As noted by the court in *McLawchlin*, the Supreme Court has endorsed a sensible application of the Code's conversion provisions. 511 B.R. at 430–31. In *Marrama v. Citizens Bank of Massachusetts*, the Supreme Court found persuasive the reasoning that it was

---

[1] As noted by the court in *McLawchlin*—there a conversion from chapter 12 to chapter 13—the Code contemplates a conversion under § 1208 to chapter 13. 511 B.R. at 429 n.2.

nonsensical to allow a debtor to convert from chapter 7 to chapter 13, which a chapter 7 debtor can do "at any time," when such conversion would simply result in a reconversion back to chapter 7 because of the debtor's demonstrable bad faith conduct prior to filing his bankruptcy. 549 U.S. 365, 374–75 (2007). The Supreme Court said that such scenario is "tantamount to a ruling that the individual does not qualify . . . under Chapter 13." *Id*. at 374. The Court thus held that the debtor had forfeited his so-called absolute right to proceed under chapter 13. Likewise, under *McLawchlin*, conversion there from chapter 12 to chapter 13 was allowed to avoid an unnecessary two-step process—there, conversion from chapter 12 to chapter 7 and then to chapter 13. *McLawchlin*, 511 B.R. at 431. Allowing conversion here likewise avoids a two-step process—dismissal and then a refiling under chapter 11.

**B.**

Lone Star argues conversion is prejudicial because it avoids the application of § 362(c)(3)(A)–(C) that would occur upon a refiling. This argument actually supports Lone Star's first point. *Conversion* would always avoid § 362(c)(3), which is triggered on *filing* a second case within a year of dismissal of a prior case. And while a two-step process—dismissal of the 12 and refiling under 11—seems silly, it at least preserves the protections afforded creditors under § 362(c)(3)(A)–(C). In particular, this provision provides that a refiling within a year of having a case dismissed terminates the automatic stay "with respect to the debtor" 30 days after the second filing. § 362(c)(3)(A). The stay can be extended if, upon notice and hearing, the debtor demonstrates that the later case was filed in good faith. § 362(c)(3)(B). The statute further provides guidance for establishing good faith if the debtor's prior case was filed under chapters 7, 11, or 13. § 362(c)(3)(C). It curiously omits the effect of a prior filing under chapter 12.

I assume that the provisions of § 362(c)(3) apply upon a potential refiling under chapter 11. But a strict reading of the provisions of § 362(c)(3)(A)–(C) does not support Lone Star's contention that the refiling is presumptively not done in good faith or that such presumption is rebuttable only by clear and convincing evidence presented by the debtor. Such provisions apply after a dismissal of a chapter 7, 11, or 13 case.

## C.

Last, Lone Star argues that it is unfair to it and other creditors to permit an unsuccessful chapter 12 debtor to "start anew" under chapter 11. But I cannot, at this stage, assume Cardwell was unsuccessful under chapter 12. Her conversion resulted from Lone Star's motion to dismiss, which, as stated, was based on her failing to qualify as a "family farmer" and thus making her ineligible to file under chapter 12. She had filed a chapter 12 plan which drew several objections. But many chapter 12 plans are met with objections. And many times such objections are resolved and the plans are confirmed. As indicated, obtaining confirmation of a chapter 11 plan will be more difficult than one under chapter 12, but this same assessment applies regardless whether she converts or refiles (after a dismissal). The facts and circumstances here do not, for now, mean she should be prohibited from seeking relief under chapter 11.

## III.

There is no evidence that Cardwell filed her case in bad faith. She owns farm land that she leases and, it appears, shares in the risks associated with the crops growing on the tracts. The land is pledged to the bank, though she apparently disputes the validity of the pledge, in part. Assuming her right to file bankruptcy under either chapters 12 or 11, she is in a far more difficult position under chapter 11. Chapter 11 is procedurally and substantively less favorable for an individual than is chapter 12. And creditors have greater rights and more leverage under chapter

11.  I see no benefit to any party by dismissing and forcing Cardwell to refile her case.  Such procedure would be more expensive and less efficient for all concerned.  Cardwell's chapter 12 has not proceeded to the point to where its conversion (or dismissal and refiling) has significantly delayed creditors.  Lone Star has not sought stay relief and has not alleged any improprieties by Cardwell since her bankruptcy filing.

For these reasons, I approve and authorize Cardwell's conversion to chapter 11.

SO ORDERED.

### End of Memorandum Opinion and Order ###